UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 2, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:11CV01953 AGF |
| SUTTON PAINTING, LLC and SHEILA SUTTON, | ) ) ) ) |
| Defendants, | ) ) |
| AUTO-OWNERS MUTUAL INSURANCE CO., | ) ) ) |
| Intervenor. | ) ) |

**MEMORANDUM AND ORDER**

Plaintiffs, a labor organization, pension trust and its trustees, move for partial judgment by default against Defendant Sutton Painting, LLC, on Plaintiffs' claims under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §185 and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132 for delinquent contribution under the collective bargaining agreement between Plaintiffs and Sutton Painting. In addition, Plaintiffs move for partial judgment by default against Defendant Sheila Sutton, individually, as signatory[1] to the Guaranty of Payment of Wages, Dues Remissions, Fringe Benefit

---

[1] Plaintiffs require companies entering into a collective bargaining agreement with them to furnish a personal guaranty on wages, dues remissions, fringe benefit contributions and other miscellaneous payments.

Contributions and Other Miscellaneous Payments (hereinafter the "Guaranty") on Plaintiffs' claims under the Guaranty.[2] Plaintiffs further seek an Order requiring Defendants to submit to an examination of their business records.

Both Defendants were served with a copy of the Summons and Complaint in this action on November 24, 2011.  On January 17, 2012, the Clerk entered an order of default against Defendants pursuant to Federal Rule of Civil Procedure 55(a).  (Doc. No. 7.)  Plaintiffs filed the present motion and memorandum in support, seeking a Partial Default Judgment as to liability.  Defendants have not responded to the motion and the time to do so has expired.

Also before the Court is the motion of Auto-Owners Mutual Insurance Company ("Auto-Owners") to intervene, as a matter of right, pursuant Fed. R. Civ. P. 24(a)(2), to enforce an assignment made by Plaintiffs to Auto-Owners and to enforce Auto-Owners' asserted equitable lien on any judgment Plaintiffs may obtain against Defendants in this action.

---

[2] The Guaranty reads in pertinent part:
The undersigned owner(s) of the Company guarantee(s) the payment of all amounts due the Union, members of the Union employed by the Company, and the Trustees of the various Trust Funds, pursuant to the collective bargaining agreement between the Company and the Union and any subsequent collective bargaining agreement, whether those amounts become due before or after the date of this guaranty. The owner(s) of the Company also guarantee(s) the payment of all damages, costs, fees and expenses which the Union, the members of the Union employed by the Company or the Trustees of the Trust Funds may be entitled to recover from the Company pursuant to the collective bargaining agreement or under any local, state or federal law.

Auto-Owners alleges that, acting as a surety, it paid a $15,000 bond on Plaintiffs' behalf, and that in exchange, Plaintiffs assigned to Auto-Owners all rights to any judgment obtained under the Guaranty.  Auto-Owners further alleges that Plaintiffs then filed this suit, but failed to notify Auto-Owners of its pendency.  Plaintiffs have not responded to the request for intervention and the time to do so has expired.

For the reasons set forth below, Auto-Owners' motion to intervene will be granted and Plaintiffs' motions for a partial default judgment and order of accounting will be granted.

**Applicable Law**

**Intervention**

The Court is required to allow intervention as a matter of right under Fed. R. Civ. P. 24 (a)(2) if a timely motion to intervene demonstrates an interest in the subject matter of the litigation; potential impairment of that interest by the disposition of the action; and lack of adequate representation of the intervenor's interest by the existing parties to the action.  *Medical Liability Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007).  The Court interprets Rule 24 "liberally and resolve[s] any doubts in favor of the  proposed intervenors." *United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 831 (8th Cir. 2010) (quotation omitted).

The timeliness of a request for intervention is determined by the totality of the circumstances, including the amount of time that has elapsed since the institution of the action; the prejudice, if any, to the parties caused by the delay; and the desirability of avoiding a multiplicity of lawsuits.  *Planned Parenthood of the Heartland v. Heineman,*

3

664 F.3d 716, 718 (8th Cir. 2011). Courts have permitted intervention near the close of a case and even, in some instances, after final judgment. *United States v. MSD,* 569 F.3d 829, 833-34 (8th Cir. 2009).

An interest is cognizable for purposes of intervention under Rule 24(a)(2) only where it is "direct, substantial, and legally protectable." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1161 (8th Cir. 1995). "An economic interest in the outcome of the litigation is not itself sufficient to warrant mandatory intervention." *Medical Liability Mut. Ins. Co.*, 485 F.3d at 1008. Nor is an interest "'contingent upon the occurrence of a sequence of events'" sufficient to satisfy Rule 24(a)(2). *Id.* (quoting *Standard Heating & Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 571 (8th Cir. 1998)). To prove the requisite interest, an intervenor must demonstrate a recognized interest in the subject matter of the litigation which might be impaired by the disposition of the case and which will not be adequately protected by the existing parties. *Mausolf v. Babbitt*, 85 F.3d 1295, 1300 (8th Cir. 1996).

Generally, where an assignment has been made, the assignee is deemed the real party in interest and can, therefore, intervene as a matter of right. *Sprint Communications Co., L.P. v. APCC Services, Inc.*, 554 U.S. 269, 285 (2008). Rule 24 (a) only requires the applicant to show that the disposition of the action may, as a practical matter, impair or impede its ability to protect its assigned interest or that the parties to the action do not adequately protect its interest. *See, e.g.*, *Mausolf*, 85 F.3d at 1303 (proposed intervenor met the minimal burden of showing that its interest may not be

4

adequately represented); *Sierra Club v. Robertson*, 960 F.2d 83, 85 (8th Cir. 1992) (same).

Applying these factors, the Court finds that the proposed intervention is timely. It appears that Auto-Owners sought to intervene once it learned of the lawsuit and prior to the entry of judgment and that its intervention will not unduly complicate the case. Allowing intervention here will permit Auto-Owners to protect its asserted interest in the proceeds of this suit, an interest that may not be adequately represented in the absence of intervention. *United States v. MSD,* 569 F.3d at 840 (holding that "[t]he purpose of intervention is to promote the efficient and orderly use of judicial resources by allowing persons, who might otherwise have to bring a lawsuit . . . to protect their interests or vindicate their rights, to join an ongoing lawsuit"). For these reasons, the motion to intervene will be granted.

**Partial Default Judgment**

Upon entry of default, a defendant's liability is established. *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) (stating that on establishment of default, "the defendant has no further standing to contest the merits of plaintiff's right to recover"); *Trustees of the IBEW Local 405 Health &Welfare Fund v. Tichy Elec. Co.*, No. 07-CV-39-LRR, 2008 WL 154641, at *4-5 (N.D. Ia. Jan. 15, 2008) (applying the above principle to a case for delinquent contributions under ERISA and LMRA). The relief available in this ERISA fringe benefit collection case for payments required under the collective bargaining agreement is mandatory. *Id.; see also Flynn v. Williams Masonry,* 233 F.R.D. 176, 177 (D.D.C. 2005). Defendant Sutton Painting,

5

LLC, as signatory to the collective bargaining agreement, and Defendant Sheila Sutton, as guarantor under the collective bargaining agreement, are therefore liable for any delinquent payments, damages, fees and interest due Plaintiffs under that agreement. Default having been entered, and Defendants having failed to respond in any manner to Plaintiffs' complaint, the only issue before the Court is the amount of damages owed by Defendants. *See Tichy Elec. Co.*, 2008 WL 154641, at *4.

Among the various elements of relief available pursuant to 29 U.S.C. § 1132(g)(2)(A) is an award of delinquent contributions. Here, Defendant Sutton Painting has failed to submit weekly fringe benefit reports for the period of November 1, 2010, through the present date. In addition, Sheila Sutton has failed to fulfill her obligation to Plaintiffs arising from the Guaranty. Therefore, the Court finds that Plaintiffs are entitled to an award of all contributions due for the period of November 1, 2010, through the present date. *Carpenters & Joiners Welfare Fund v. Gittleman Corp.*, 857 F. 2d 476, 478 (8th Cir. 1988); *Trustee of the Minn. Ceramic Tile and Allied Trades Retirement Fund v. Legacy Tile and Marble*, No. CIV. 06-2965 (JNE/ SRN), 2008 WL 624120, at*4. (D. Minn. Mar. 4, 2008).

Audits are appropriate in order to determine the full amount of contributions due. *See, e.g., Mason Tenders Dist. Council Welfare Fund v. Bold Constr. Co., Inc.*, No. 01CIV0641LTSTHK, 2002 WL 1788024, at *3 (S.D.N.Y. Aug. 1, 2002). Defendants will therefore be required to submit Sutton Painting's records to an audit for purposes of calculating the delinquent contributions and interest, liquidated damages, costs and attorney's fees owed to Plaintiffs.

Accordingly,

**IT IS HEREBY ORDERED** that Auto-Owners Mutual Insurance Company's Motion to Intervene is **GRANTED**.  (Doc. No. 14.)

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Partial Default Judgment as to liability (Doc. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants shall, within twenty-one (21) days of the date of this Order, submit to Plaintiffs' attorney for examination all individual compensation records, payroll register, payroll journal, time-cards, federal and state tax forms, W-2 forms and 1099 forms, state quarterly tax returns, workers compensation reports, fringe benefit records and reports, job cost records, general ledger with cash disbursements and supporting documents, accounts receivables, invoices, and check stubs of Sutton Painting, LLC for the period of November 1, 2010, through the date of this Order.  Failure to comply with this Order may result in the imposition of sanctions, including a finding of contempt, against Defendants.

**IT IS FURTHER ORDERED** that within than twenty-one (21) days of the completion of the audit, Plaintiffs shall submit to the Court all evidence of the delinquency, interest, liquidated damages, costs and attorney's fees it seeks to recover.

**IT IS FURTHER ORDERED** that Plaintiffs shall promptly serve notice of this Order on Defendants in the manner they find most appropriate, and shall file a notice with the Court advising of the date and manner of service.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of September, 2012.